U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 3 2018

CLERK, U.S. DISTRICT COURT
By_____
  Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CLIFF DOUGLAS PARKER,          §
                               §
        Petitioner,            §
                               §
v.                             §     No. 4:17-CV-450-A
                               §
LORIE DAVIS, Director,         §
Texas Department of Criminal   §
Justice, Correctional          §
Institutions Division,         §
                               §
        Respondent.            §

## MEMORANDUM OPINION
### and
### ORDER

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Cliff Douglas Parker, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On January 17, 2014, in Criminal District Court Number Two, Tarrant County, Texas, Case No. 1329800R, a jury found petitioner guilty of manslaughter with a deadly weapon and petitioner pleaded true to the repeat-offender notice in the indictment. (Clerk's R. 154-55, 159, doc. 17-5.) On January 22, 2014, the jury assessed his punishment at life imprisonment in TDCJ. (Id.

at 166.) Petitioner's conviction was affirmed on appeal and, on June 17, 2015, the Texas Court of Criminal Justice refused his petition for discretionary review. (Docket Sheet 1-2, doc. 17-2.) Petitioner did not seek writ of certiorari. (Pet. 3, doc. 1.) On August 1, 2016, petitioner filed a postconviction state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on March 22, 2017, without written order on the findings of the trial court.[1] (SHR[2] 18, doc. 18-10; Action Taken, doc. 18-9.) This federal petition challenging his conviction and sentence was filed on May 28, 2017.[3] (Pet. 10.)

## II. Issues

In five grounds for relief, Petitioner claims that (1) his case was improperly transferred to an "inferior" court; (2) the prosecution presented false evidence to the grand jury; (3) he

---

[1] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however he signed the document on August 1, 2016. (WR-78,667-02 18, doc. 18-10.) For purposes of this opinion the application is deemed filed on that date.

[2] "SHR" refers to the record of petitioner's state habeas proceeding in WR-78,667-02.

[3] Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts that he placed his petition in the prison mailbox on May 18, 2017, and not May 28, 2017, and refers the court to the certificate of service in his memorandum of law in support. However, the certificate of service on file is blank for the day and month the memorandum was placed in the prison mailbox. (Mem. 9, doc. 4.) Further, it is impossible for petitioner to have placed his petition in the prison mailbox before signing it on May 28, 2017.

received ineffective assistance of trial counsel; (4) he received ineffective assistance of appellate counsel; and (5) the trial court erred and abused its discretion by denying his motion to suppress. (Pet. 6-7 & Insert, doc. 1.) Respondent asserts that the petition is untimely under the federal statute of limitations. (Resp't's Preliminary Answer 7-11, doc. 15.)

### III. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed

> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Therefore, petitioner's conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on September 15, 2015. *See Jimenez v. Quarterman*, 565 U.S. 134, 119-20 (2009); SUP. CT. R. 13. Therefore, the statute of limitations began to run the following day and closed one year later on September 14, 2016,[4] absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Under the statutory provision, petitioner's state habeas application operated to toll limitations for 234 days, making his petition due on or before May 6, 2017. Thus, petitioner's federal petition filed on May 28, 2017, is untimely unless he demonstrates that equitable tolling is justified.

For equitable tolling to apply, a petitioner must show "'(1)

---

[4]The year 2016 was a leap year.

4

that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no assertion of actual innocence. Rather, for purposes of justifying equitable tolling, he asserts that he had difficulty obtaining his trial attorney's "work product file so that he would have the necessary documents to support his claims." (Pet'r's Mot. 1, doc. 20.) However, as early as June 24, 2016, his attorney arranged to have a copying firm pickup petitioner's entire file, save for those documents and disks furnished to him by the district attorney's office, for copying and delivery to petitioner at his prison unit within three to five business days. (Id., attached June 24, 2016, letter.) Nevertheless, difficulty obtaining records is a common problem for prisoners who are trying to pursue postconviction habeas relief and does not justify equitable tolling of the limitations period. *See Kiser v. Dretke,* No. 4:04-CV-0494-Y, 2004 WL 2331592, at *2 (N.D.Tex. Oct. 15, 2004), *findings and recommendation adopted,* 2004 WL 2549174 (N.D.Tex. Nov. 9, 2004). Petitioner fails to demonstrate that equitable tolling is justified.

Accordingly, it is ORDERED that petitioner's motion for equitable tolling be, and is hereby, denied. Petitioner's federal petition was due on or before May 6, 2017. His petition, filed on May 28, 2017, is therefore untimely.

For the reasons discussed, it is further ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED August 3, 2018.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE